UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAY 21 2009
Clerk, U.S. District and Bankruptcy Courts

| | | |
|---|---|---|
| **Todd Levon,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. 09 0957 |
| **Barack Obama et al.,** | : | |
| **Defendants.** | : | |

### MEMORANDUM OPINION

Plaintiff, a prisoner, has filed a pro se complaint in the nature of a writ of mandamus and an application to proceed in forma pauperis. The Court will grant the application, and dismiss the complaint for mandamus for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

The plaintiff's complaint is construed to be one in the nature of mandamus. For relief, the complaint seeks an order from this court compelling President Obama to enter an Executive Order making certain changes to a law, and compelling certain prison officials to make certain changes in a treatment program operated by the Federal Bureau of Prisons. Compl. at 1.

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances" warranting "a judicial usurpation of power" will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (internal quotation marks omitted)); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that *mandamus* is "an extraordinary remedy reserved for really extraordinary

cases") (internal quotation marks and citation omitted). Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (internal quotation marks and citation omitted).

The complaint does not establish either that plaintiff has a clear right to the relief requested or that the defendants have a clear duty to perform a ministerial, clearly defined, and peremptory act. Because the plaintiff seeks mandamus relief, but cannot show that he is entitled to it, pursuant to 28 U.S.C. § 1915A(b)(1), the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted against these defendants.

A separate order accompanies this memorandum opinion.

Date: 15 May 2009

United States District Judge

2